UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

In re:                                              )
                                                    )
JILLIAN'S ENTERTAINMENT HOLDINGS, ET AL.,           )      CASE NO. 04-33192
                                                    )      CHAPTER 11
            Debtor(s)                               )
_____)

### MEMORANDUM OPINION

This matter comes before the Court on the Motion of the Post-Confirmation Estate, By and Through the Plan Administrator, for an Order Approving the Sale And/or Assumption and Assignment Of Certain of the Debtors' Assets and Related Relief. In the motion, the Plan Administrator, Steven L. Victor, (hereinafter the "Administrator") seeks Court approval of his decision to sell the debtors' 50.10% interest in a partnership with Sugarloaf Mills Limited Partnership (hereinafter "Mills"). The partnership owned and operated a family-style restaurant and entertainment center near Atlanta, Georgia. The Administrator seeks to sell this interest to Lucky Strike Atlanta, Inc. (hereinafter "Lucky Strike") for the sum of $850,000.

Dave & Buster's Inc. (hereinafter "Dave & Busters") opposes the sale, contending their offer for this asset would result in a higher return to the bankruptcy estate. Dave & Busters argues that by accepting their offer and utilizing a "buy-out" provision in the partnership agreement, the Administrator could receive a net return of an estimated $1,105,000 for the bankruptcy estate.

A Hearing regarding this motion and objection was conducted on July 5, 2005. The Administrator stated that he considered the Dave & Busters offer and, even though it would result in a higher return to the estate, chose to go with the lower offer from Lucky Strike due to the risk of litigation with Mills if he were to take the Dave & Busters' offer.

At the conclusion of the hearing, this Court gave the interested parties permission to file

supplemental briefs by July 11, 2005. The Administrator, Lucky Strike, Dave & Busters and Mills all filed supplemental briefs in support of their respective positions. The Administrator reiterated his arguments from the hearing that he was concerned about the threat of litigation if he sold the property to Dave and Busters. In response to the various concerns raised at the hearing, Lucky Strike raised its bid to $1,000,000.00. Mills challenged the standing of Dave & Busters to oppose the sale, and alleges that under the partnership agreement a sale to Dave & Busters cannot go forward without its approval. Dave & Busters once again offered to purchase all of the assets of the Partnership for $3.8 million, which, they stated, would indemnify the Administrator from all litigation stemming from the sale.

The Second Circuit established the leading authority for approving sales in Equity Sec. Holders v. Lionel Corp. (In re Lionel), 722 F.2d 1063 (2nd Cir.1983). In Lionel, the Circuit held the proper standard to use when considering a proposed motion to sell is the business judgment test, specifically that a Bankruptcy Judge must expressly find a good business reason to approve a sale request. Id. at 1071. This standard has been adopted by the vast majority of courts. See also, U.S. ex rel. Rahman v. Oncology Associates, P.C., 269 B.R. 139 (D. Md. 2001) (the standard to be applied by a court in determining whether or not to approve the disposition of property is whether the trustee exercised sound business judgment). Factors for the Court to consider in whether to approve the sale include: (1) any improper or bad faith motive, (2) price is fair and the negotiations or bidding occurred at arm's length, (3) adequate procedure, including proper exposure to the market and accurate and reasonable notice to all parties in interest. While trustees, or plan administrators in this case, have great discretion in handling estate asset sales, this discretion is not without limit.

This takes us to the issue at hand, whether the Administrator exercised sound business judgment in selecting the Lucky Strike offer. Considering the factors mentioned above, the Court

finds no indication of any improper or bad faith motive on the part of any party in this matter. The real question is whether the Administrator has employed adequate procedures to ensure the best possible return for the estate. In the present case two interested parties have voiced their desire to purchase the estate property. Both Lucky Strike and Dave & Busters have been willing to negotiate as to the price and terms of the sale. This action by two interested parties leads this Court to the conclusion that an auction, and not a sale, would be in the best interest of the estate.

The Administrator contends that the sale of the property to the lower bidder in lieu of an auction would avoid potential litigation with Mills should he exercise the "buy-out" provision located in Section 5.9 of the Partnership Agreement. The Court has reviewed the Partnership Agreement and believes the Administrator's fear is not well founded. A plain reading of the relevant provisions of the Partnership Agreement supports the position of Dave & Busters. The Court found no provision in the Partnership Agreement which would support any litigation by Mills against the Administrator to block the exercise of this "buy-out" provision. In light of these circumstances, including the increased bid by Lucky Strike, the risk of possible litigation pales in comparison to the potential benefit to the estate.

Ideally, the Administrator should maximize the return to the bankruptcy estate. The Court finds that an auction allowing all interested partes to bid on the estate property would achieve this goal. As such, the Administrator's Motion to Approve the Sale of the Estate is OVERRULED.

An Order incorporating this Memorandum will be entered this same date.

.

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| In re: ) | |
| ) | |
| JILLIAN'S ENTERTAINMENT HOLDINGS, ET AL., ) | CASE NO. 04-33192 |
| ) | CHAPTER 11 |
| Debtor(s) ) | |
| _____ ) | |

### ORDER

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** the Plan Administrator's Motion of the Post-Confirmation Estate, By and Through the Plan Administrator, for an Order Approving the Sale And/or Assumption and Assignment Of Certain of the Debtors' Assets and Related Relief is **OVERRULED**.

IT IS FURTHER ORDERED that an auction will be conducted on August 15, 2005 at 1:30 p.m., (Eastern Time) in Courtroom #3, Fifth Floor, Gene Snyder U.S.Courthouse, 601 West Broadway, Louisville, Kentucky at which time Lucky Strike and Dave & Busters and any other interested party may bid on the property providing they pay cash transactions or form equivalents.