**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JILLIAN'S ENTERTAINMENT HOLDINGS, et al., | ) | CASE NO. 04-33192 |
| | ) | (Jointly Administered) |
| | ) | CHAPTER 11 |
| Debtor(s) | ) | |
| | ) | |

**MEMORANDUM OPINION**

  The above-styled case comes before the Court on the Motion to Disallow Claims filed by Steven L. Victor, the Plan Administrator ( the "Administrator"). In his motion, the Administrator seeks to disallow numerous claims filed after the claims bar date established by order of this Court. Progress Energy Carolinas, Inc. ("Progress Energy") filed one of the claims ($7,900.56) the Administrator seeks to disallow. Progress Energy responded to the motion admitting that it failed to file its proof of claim within the deadlines established by the Court. It does request, however, that the Court allow its untimely claim under the doctrine of excusable neglect as set forth in <u>Pioneer Investment Services v. Brunswick Associates Limited Partnership,</u> 507 U.S. 380, 381, 113 S.Ct. 1489, 1490-91, 123 L.Ed.2d 74 (1993) and Fed. R. Bank. P. 9006(b)(1).

  While the law does allow for late claims in Chapter 11 in certain circumstances, in order to prevail on a request for a late claim the party requesting it must show that its failure to act was a result of excusable neglect. <u>Id.</u> The inquiry into whether the neglect is excusable "is at bottom an equitable one, taking account of all the relevant circumstances surrounding the party's omission." <u>Id.</u> at 395. The Supreme Court listed several factors to be considered in determining whether a party's conduct constitutes excusable neglect, including (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay;

(4) whether the delay was within the reasonable control of the late party; and (5) whether the late party acted in good faith. Id.

Reviewing the factors, it is clear that the debtor's estate would be prejudiced should Progress Energy be allowed to file its late claim. Were Progress Energy to be allowed to file its claim, a precedent would be established for all claimants who failed to timely file their claims to seek relief. Furthermore, the specific purpose of setting the bar date would be thwarted if the Court were to allow this claim. The second, third, and fourth factors also weigh against Progress Energy. This claim was filed almost two full years after the bar date. Progress Energy's only explanation for its failure to timely file its claim is that "[c]hanges in the management of Progress Energy's legal department affected the performance" of the employee charged with filing claims. While such an explanation establishes neglect, it does not establish excusable neglect as required in Pioneer. Turning to the fifth factor, the good faith of the moving party, the Court has no indication Progress Energy's failure to act was motivated by bad faith.

Taken as a whole and considering the equities of the situation, this Court concludes Progress Energy's actions do not constitute excusable neglect, as defined by the Supreme Court. As such, the motion to disallow its claim must be sustained. The Court shall enter an Order this same date in accordance with this Memorandum.

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JILLIAN'S ENTERTAINMENT HOLDINGS, et al., | ) | CASE NO. 04-33192 |
| | ) | (Jointly Administered) |
| | ) | CHAPTER 11 |
| Debtor(s) | ) | |
| | ) | |

## ORDER

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

It is hereby **ORDERED** the Motion to Disallow Claims filed by Steven L. Victor, the Plan Administrator, is **SUSTAINED** with respect to the proof of claim filed Progress Energy Carolinas, Inc.